UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-110-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE REAL PROPERTY LOCATED AT ) | |
| 2740 LYTHAM DRIVE, CHARLOTTE, ) | |
| NORTH CAROLINA MORE ) | |
| PARTICULARLY DESCRIBED IN A ) | |
| DEED RECORDED AT BOOK 10814, ) | |
| PAGES 512-516 IN THE ) | |
| MECKLENBURG COUNTY ) | |
| REGISTER OF DEEDS, ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's motion, (Doc. No. 5), pursuant to Supplemental Rule G(8)(c)(i)(A), to strike the Claim of Timothy Martin (Doc. No. 3).

**I.    BACKGROUND**

In this action, the Government seeks the forfeiture of real property located at 2740 Lytham Drive based on its use in and facilitation of extensive, drug-related criminal activity. Timothy Martin, currently incarcerated and proceeding pro se, filed what appears to be a claim to the property. The Government filed its forfeiture complaint on February 4, 2020, and Martin was served with notice of the complaint on February 26, 2020. Martin mailed his "claim" to the United States Attorney for the Western District of North Carolina, who sent it to the Clerk's office for filing.

In its motion to strike, the Government argues that Martin's filing is fatally defective in

1

two ways: (1) it is not signed under penalty of perjury as required by Supp. R. G(5)(a)(i)(C) and (2) it does not state Martin's interest in the property as required by Supp. R. G(5)(a)(i)(B). For the following reasons, the Court will grant the motion to strike.

## II. DISCUSSION

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that the Government may move to strike a claim or answer for failing to comply with Rule G(5) or (6). Fed. R. Civ. P., Supp. R. G(8)(c)(i)(A); see also United States v. All Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 101 (D.D.C. 2009) ("Because the procedures prescribed by the Supplemental Rules play an important role in structuring forfeiture suits and ensuring that they proceed efficiently, a court is authorized to strike the claim and/or answer of any claimant who fails to follow the Rules' procedural dictates."). Rule G(5)(a) governs claims filed in civil forfeiture cases and provides that:

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Courts strictly enforce compliance with the Supplement Rules in forfeiture cases, and until a claimant adheres to the filing requirements, he lacks statutory standing to contest the forfeiture. See United States v. Borromeo, 945 F.2d 750, 752 (4th Cir. 1991) ("Courts consistently have

2

Case 3:20-cv-00110-MOC-DSC   Document 9   Filed 05/04/20   Page 2 of 5

required claimants to follow the language of the Supplemental Rules to the letter.") (quoting United States v. $38,000, 816 F.2d 1538, 1547 (11th Cir. 1987)); Appeal of Torres, 854 F.2d 1318, 1988 WL 83331, at *1 (4th Cir. 1988)) ("In this case, Torres has failed to comply with [then governing] Rule C(6) because he has yet to file a claim and answer in the manner prescribed by that Rule. Until the procedural requirements of Rule C(6) are met, Torres has no standing to contest the forfeiture.").[1]

Here, Martin's Claim, which states, only, "I wish to seek legal advice and am an indigent," is not signed under penalty of perjury. See (Doc. No. 3). Thus, Martin's claim fails to comply with subpart C. The "[f]iling a claim that is signed under penalty of perjury is not just a procedural technicality." United States v. $29,540.00 in U.S. Currency, No. CIV.A. 11-12172-GAO, 2013 WL 783052, at *6 (D. Mass. Feb. 28, 2013); United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004) (filing verified claim is "no mere procedural technicality"); United States v. Thirty-Five Firearms, 123 F. App'x 204, 207 (6th Cir. 2005) ("Verification forces the claimant to place himself at risk of perjury for a false claim. Therefore, the Government's insistence on a verified claim is not . . . form over substance."). Accordingly, courts have concluded that claims such as Martin's that do not comply with the penalty of perjury requirement fail to establish standing. See United States v. $14,250 U.S. Currency, 2012 WL 6681920, at *2 (D. Md. Dec. 21, 2012) (striking claim not filed under penalty of perjury); United States v. One 2003 Mercedes Benz CL500, No. PWG-11-3571, 2013 WL 3713903, at *3

---

[1] This statutory standing for a forfeiture claim is separate from any Article III standing that would be conveyed by simply being an owner of the defendant property. United States v. $25,790 U.S. Currency, No. CIV.A. AW-09-3283, 2010 WL 2671754, at *3 (D. Md. July 2, 2010) ("Thus, the argument that simply being an owner of the property at issue establishes standing, and thus would negate the need for a verified claim, is unpersuasive to the Court.").

(D. Md. July 15, 2013) ("Of import, the letter cannot be construed as a verified claim; it certainly was not signed under penalty of perjury. Thus, Ms. Hart has not filed a verified claim. For that reason alone, Ms. Hart lacks standing to contest the forfeiture of the Mercedes.") (internal citations omitted). Thus, the Court will strike Martin's claim for failure to comply with subpart C.

Martin's claim also fails to state his interest in the defendant property as required by subpart B, and the Court will grant the motion to strike for this reason as well. See United States v. $34,796.49, more or less, in U.S. Currency, No. CIV.A. 14-0561-WS-B, 2015 WL 1643582, at *2 (S.D. Ala. Apr. 13, 2015) ("Substantial authority supports the Government's position that a forfeiture claimant must expound on the nature of his or her interest in the subject property with some specificity, rather than summarily declaring, 'It's mine,' as Claimants in this case have effectively done.") (listing authorities). Indeed, other than including the case caption, Martin's "claim" does not reference the defendant property at all. Rather than being a claim to property, it seemingly appears to be a request for the appointment of counsel.[2] Cf. Huggins v. United States, 69 F. Supp. 3d 430, 454 (D. Del. 2014) ("There is no Sixth Amendment right to counsel in a civil forfeiture matter . . . .").

For the reasons stated herein, the Government's Motion to Strike, (Doc. No. 5), is **GRANTED**.

---

[2] Further, the Government asserts that it believes Martin has never been the sole owner of the defendant property, and it is unclear whether others may have an ownership interest in the property or the extent of that interest versus any interest asserted by Martin. The Government asserts that property records indicate a 1999 deed to Shirley M. Martin and Timothy Martin.

Signed: May 1, 2020

Max O. Cogburn Jr.
United States District Judge