# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:20cv110

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE REAL PROPERTY LOCATED AT 2740** | ) | **ORDER** |
| **LYTHAM DRIVE, CHARLOTTE, NORTH** | ) | |
| **CAROLINA, MORE PARTICULARLY** | ) | |
| **DESCRIBED IN A DEED RECORDED AT** | ) | |
| **BOOK 10814, PAGES 512-516 IN THE** | ) | |
| **MECKLENBURG COUNTY REGISTER OF** | ) | |
| **DEEDS** | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Default Judgment of Forfeiture.  (Doc. No. 12).  Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a default judgment of forfeiture with respect to the defendant property located at 2740 Lytham Drive, Charlotte, North Carolina.  For the reasons stated herein, the Court grants the Government's Motion.

## I.    BACKGROUND

On February 24, 2020, the United States filed a Verified Complaint for Forfeiture in Rem (Doc. No. 1) against the Property, factually detailing an extensive drug-related criminal history at the Property and alleging that the Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), which authorizes the forfeiture of real property—including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements—because it is used, or intended to be used, to commit or to facilitate the commission of, a violation of 21 U.S.C. §§ 856(a)(1) and/or (2).  As required by Supplemental Rule G, the Government provided direct notice and notice by publication.  Only Timothy Martin filed a claim during the time period to do so.  (Doc. No. 3).  The Court struck Martin's claim, (Doc. No. 9), leaving no filed claims as to the Property.

Thereafter, on May 13, 2020, the Clerk entered default (Doc. No. 11) pursuant to Federal Rule of Civil Procedure 55(a).

## II.      DISCUSSION

A court may enter a default judgment when a party has failed to plead or otherwise defend. See Fed. R. Civ. P. 55. In the civil forfeiture context, default judgment is permitted where there are no claims to the defendant property. See United States v. 47 W. Oakview Rd., No. 1:10CV88, 2011 WL 304972, at *1 (W.D.N.C. Jan. 28, 2011) ("The Court therefore finds that the Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate."); United States v. $42,041.00 in U.S. Currency, No. 1:12-CV-87, 2012 WL 6953388, at *1 (E.D. Tex. Oct. 30, 2012) (report and recommendation) ("To date, no claims or answers have been filed in this action, and the time limitations have expired. Further . . . the United States Clerk's Office entered a default (Doc. No. 8) as to all potential parties or claimants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. There is no reason to proceed any further in this matter. Therefore, the Government's motion for default judgment should be granted, and the Court should enter a default judgment pursuant to Rule 55(b)(2).").

Here, the Court struck the only claim to the Property filed in this case, Timothy Martin's (Doc. No. 3), for failure to comply with Supplemental Rule G, (Doc. No. 9), and thereafter, on the Government's motion, the Clerk entered default pursuant to Rule 55(a). (Doc. No. 11). Thus, the requested default judgment pursuant to Rule 55(b)(2) is appropriate. See United States v. Batato, 833 F.3d 413 (4th Cir. 2016) (affirming entry of default judgment against defendant property after all claims were dismissed pursuant to 28 U.S.C. § 2466); United States v. $36,110.00 in U.S. Currency, No. 4:08-CV-0029-TLW-TER, 2010 WL 6065117, at *2 (D.S.C. Dec. 17, 2010) (report and recommendation) ("Because Bright has failed to comply with the Supplemental Rule G,

default judgment is appropriate as to his claim."); <u>United States v. $3,585.00 in U.S. Currency</u>, 2019 WL 422660 (W.D.N.Y. Feb. 4, 2019) (finding claimant lacked statutory standing, dismissing claim, and granting default judgment on Government's Rule 55 motion); <u>United States v. $19,000.00 in U.S. Currency</u>, 2012 WL 5286888 (C.D. Ill. Oct. 23, 2012) (when the only claim is dismissed under Rule 37 as a discovery sanction, the court may grant a default judgment).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture (Doc. No. 12) is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following Defendant Property:

> **The real property located at 2740 Lytham Drive, Charlotte, North Carolina, more particularly described in a deed recorded at Book 10814, Pages 512-516 in the Mecklenburg County Register of Deeds.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Property as provided by law.

Signed: May 18, 2020

Max O. Cogburn Jr.
United States District Judge